ARECIBO DOCK & SHIPPING Co. ET AL., Petitioners, v.
DISTRICT COURT OF ARECIBO, Respondent.

No. 905. Argued May 22, 1933.—Decided July 24, 1934.

*J. Valldejuli Rodríguez* for petitioners. *Pedro Santana* for the Industrial Commission and the injured workman.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an application for a writ of certiorari. We have had considerable difficulty in handling this case because

the defendants have filed no answer or brief in this court. In response to the writ of certiorari the record of the District Court of Arecibo was sent up to us, but the petitioners have done nothing to indicate to us the parts of the record which are pertinent to the solution of the problem before us.

▮ From the petition itself it appears that the Arecibo Dock & Shipping Co. is engaged on the wharves of Arecibo and also uses launches for the loading and unloading of ships. It employs various workmen. One of them, by name Isidoro Martínez, had an accident. While workmen were trying to load the flat-bottomed boat called "Redención" and while Martínez was using force with a pole to make the boat float, he slipped, receiving a blow on the knee and fell into the sea. He was ill for some time. The Industrial Commission gave him a total sum of $83.84 and also decided that he was entitled to $7.50 weekly during the time that he should be disabled.

It transpires that the greatest amount of salary that Martínez would have earned on the average was $8.00 weekly and the petitioners maintain under the rules and regulations that the said Martínez would only have been entitled to half that amount.

The court below, when this and other facts were presented to it, while admitting that the workman did not earn more than $8 a week, held that the Commission proceeded correctly in allowing $7.50 a week. The court relied on a rule promulgated by the Industrial Commission under Act No. 35, 1930, Laws of that year, page 291, as follows:

"(a) For the purpose of the payment of the weekly compensation referred to in paragraph 2 of subdivision (a) of section 3 of the Act, the waiting period shall begin to run in all cases from the day on which the workman calls on the doctor for treatment.

"(b) For the liquidation of cases the time shall be computed from the day on which the workman calls on the doctor for treatment until the day of his discharge from the hospital, and there shall be deducted from the number of days resulting therefrom the first eight (8) days (including that of the accident) and compensation shall

be awarded for the remaining days at the rate of half the workman's wages, except where the injured workman is employed by shipping companies, and is paid by the hour (ten hours constituting a day's work), in which case compensation shall be computed using as a basis the following wages:

"1. Workmen employed in the usual way of loading and unloading, on land, at the rate of $0.25 per hour, shall receive compensation on the basis of $2.50 per day.

"2. Workmen engaged in loading and unloading sugar, on board, shall receive compensation on the basis of $3.50 per day.

"3. Workmen engaged in loading and unloading sugar, on land, shall receive compensation on the basis of $3.50 per day.

"4. Clerks and foremen earning salaries shall receive compensation at the rate of half the salary reported by the employer, which compensation shall never be less than $3 and not more than $15 per week.

"5. Workmen engaged in loading and unloading sugar by the job shall receive compensation at the rate of half a daily wages of $4.50.

"(c) In no case shall the compensation be less than three (3) dollars and not more than fifteen (15) dollars per week."

The petitioners allege that the said rule is null and void and deprives them of property without due process of law. A good deal of the argument in the petition is that the workman was in nowise entitled to more than $8 a week. Reading, however, the aforesaid rules, it appears that the compensation to workmen does not depend upon the amount of salary that any one of them actually receives, but if the workman works by hour depends upon a purely artificial scale of compensation fixed by the rules on a basis not less than $2.50 a day. The petitioners do not satisfy us that the workman Martínez, although he may have obtained only $8 a week, as an average, might not, nevertheless, be paid by the day. Under these circumstances it was evident that an award of $7.50 a week might be well within the artificial scale fixed by the Commission. We find nothing in the petition nor in the record to the contrary.

So far as a question of constitutionality is concerned, we feel bound to hold that it was not duly raised in this

court; in other words, we cannot see from the facts recited, exactly how the petitioners were deprived of the property without due process of law. Such a fact might possibly be found in the record but the petition itself does not and cannot satisfy us to that effect.

However, even supposing that the said rule was unconstitutional, the petitioners do not show us or convince us that the Commission, in some other way, might not have made a due allowance which could equal or exceed the amount awarded.

The writ of certiorari in this case should be annulled.